# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Curtis Justin Bearden, | Case No. 2:21-cv-1144-HMH-MGB |
| Plaintiff, | |
| v. | ORDER |
| Oconee County Detention Center Staff, and Jeremy Chapman, *Captain*, | |
| Defendants. | |

Plaintiff Curtis Justin Bearden, a state detainee proceeding *pro se*, has filed a civil action seeking relief under 42 U.S.C. § 1983. (Dkt. No. 1.) Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

## **PREPAYMENT OF THE FILING FEE**:

Pursuant to the undersigned's most recent instructions (Dkt. No. 4), Plaintiff has submitted an Application to Proceed Without Prepayment of Fees, which is construed as a motion for leave to proceed *in forma pauperis*. *See* 28 U.S.C. §§ 1915(a)(1), (2). The application indicates that Plaintiff does not have sufficient funds to prepay the filing fee. Therefore, the motion for leave to proceed *in forma pauperis* (Dkt. No. 7) is **GRANTED**.

## **NOTICE OF LEAVE TO AMEND COMPLAINT**:

The granting of *in forma pauperis* status in a case triggers a district court's duty to "sift out claims that Congress found not to warrant extended judicial treatment." *Nagy v. FMC Butner*, 376 F.3d 252, 256 (4th Cir. 2004). The Court must dismiss any cases that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B).

As to failure to state a claim, a complaint filed in federal court "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court need not, however, accept as true a complaint's legal conclusions. *Id.* When "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim. Such is the case here.

Plaintiff is currently being detained at Oconee County Detention Center, where he claims the staff are denying him "legal services guaranteed . . . under the Constitution." (Dkt. No. 1 at 2.) More specifically, Plaintiff states that the detention center does not have a law library, and that staff are refusing to notarize and make copies of legal documents for inmates. (*Id.*) Plaintiff also alleges that he ordered "Jailhouse Lawyer's Handbooks" from Barnes and Noble, but has yet to receive them. According to Plaintiff, a staff member told him that he could not have the handbooks in his dorm because it would cause an "uproar." (*Id.*) Plaintiff claims that he has attempted to file grievances and requested a "face to face" meeting with the Captain—presumably, Defendant Chapman—but to no avail. (*Id.*) Plaintiff seeks damages in the amount of $30,000 and access to a law library and "legal services;" to the extent the detention center continues to refuse Plaintiff access to such, he requests that the court release him on a personal recognizance bond. He also asks that the detention center be "forced to install" a law library. (*Id.* at 3.)

To state a claim to relief under 42 U.S.C. § 1983, the plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The undersigned finds that Plaintiff's Complaint fails to raise a plausible claim under § 1983 for several reasons.

At the outset, the Complaint fails to name a defendant amenable to suit under § 1983. With respect to Oconee County Detention Center Staff, it is well-established that use of the term "staff" as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" for purposes of § 1983. *See, e.g.*, *Hayes v. Florence Cty. Det. Ctr. Personnel*, No. 1:21-cv-1549-JFA-SVH, 2021 WL 2227991, at *2 (D.S.C. June 2, 2021) (finding that detention center "personnel" are "groups of persons working in a department, building, or facility, and therefore cannot qualify as a person" under § 1983); *Morrow v. Pickens Cty. Det. Ctr.*, No. 0:10-cv-01199-MBS-PJG, 2010 WL 2985822, at *3 (D.S.C. June 28, 2010), *adopted*, 2010 WL 2985823 (D.S.C. July 26, 2010) (same); *Barnes v. Bakersville Corr. Ctr. Med. Staff*, No. 3:07-cv-00195, 2008 WL 2564779 (E.D. Va. June 25, 2008) (concluding that plaintiff failed to state a claim for relief under § 1983 because plaintiff named "unspecified prison personnel" as defendants). Accordingly, Plaintiff's claims against the detention center's "staff" are subject to summary dismissal.

Moreover, a person acting under color of state law can be held liable under § 1983 only if he or she was personally involved in the deprivation of the plaintiff's federal rights. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017). Here, Plaintiff does not specify how Defendant Chapman was personally involved in the purported denial of his legal materials. Thus, Plaintiff's claims against Defendant Chapman are likewise subject to summary dismissal.[1]

---

[1] The undersigned further clarifies that the doctrine of *respondeat superior* is generally inapplicable to § 1983 claims. *See Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981). Thus, to the extent Plaintiff is attempting to assert supervisor liability against Defendant Chapman, he must allege the following: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Shaw v. Stroud,* 13 F.3d 791, 799 (4th Cir. 1994). Plaintiff fails to do that here.

Next, with respect to the specific deprivations cited in the Complaint, the undersigned finds that Plaintiff has failed to allege a right secured by the Constitution or laws of the United States. Although not explicitly asserted, the substance of Plaintiff's pleading seems to implicate an access-to-the-courts claim.[2] Indeed, inmates have a "fundamental constitutional right of access to the courts [that] requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *See Williamson v. Rogers*, No. 0:15-cv-4755-MGL-PJG, 2017 WL 2703858, at *2 (D.S.C. June 2, 2017) (referencing *Bounds v. Smith*, 430 U.S. 817, 828 (1977)), *adopted*, 2017 WL 3085761 (D.S.C. July 20, 2017). However, the Fourth Circuit Court of Appeals has clarified that the Constitution does not require every local jail to have a law library, *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987), as county jails are generally short-term facilities. Because Plaintiff is being temporarily held at the Oconee County Detention Center, he is not entitled to a law library at this time. *See Jones v. Lexington Cty. Det. Ctr.*, 586 F. Supp. 2d 444, 447–48 (D.S.C. 2008) ("[T]he law is quite clear that those being temporarily detained in county facilities awaiting criminal trials do not have a constitutional right to a law library."). Along those same lines, inmates do not have unlimited rights to photocopies or photocopying machines. *See Harrison v. Moketa/Motycka*, 485 F. Supp. 2d 652, 658 (D.S.C.), *aff'd sub nom. Harrison v. Moteka*, 235 F. App'x 127 (4th Cir. 2007) (noting that while indigent prisoners have a right to free postage stamps in connection with their right to access the courts, there exists no such right to free photocopies).

Additionally, to prove that Defendants impeded his access to the courts, Plaintiff also "must show actual injury or prejudice resulting from the official conduct." *Carelock v. Boone*, No. 5:19-cv-00116-JMC, 2020 WL 5810408, at *4 (D.S.C. Sept. 30, 2020) (internal citations omitted); *see also Lewis v. Casey*, 518 U.S. 343, 351 (1996) (explaining that for a plaintiff to state a claim for denial of access to courts, he must demonstrate actual injury or prejudice by alleging that his facility's shortcomings have "hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim"); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (requiring the prisoner "provide some basis for his allegation that the delay or failure in delivering his legal mail deprived him of meaningful access to the courts"). Plaintiff has not alleged any such injury here, and his lack-of-access claim is therefore subject to summary dismissal.[3]

Finally, to the extent Plaintiff is attempting to allege a due process violation based on the deprivation of his "Jailhouse Lawyer's Handbooks," such conduct does not amount to a constitutional claim because Plaintiff has available state court remedies under the South Carolina Tort Claims Act ("SCTCA"). Indeed, it is well-established that intentional deprivations of personal property by state officials are not a federal due process violation if the state provides post-

---

[2] Plaintiff's Complaint mentions only his right to due process. (Dkt. No. 1 at 2.) *See United States v. Morgan*, 473 F. Supp. 3d 544, 546 (D.S.C. 2020) (noting the longstanding practice of courts to classify *pro se* pleadings from prisoners according to their contents, without regard to their captions).

[3] The undersigned also notes that, as written, the Complaint does not clarify whether Plaintiff personally experienced issues with staff members refusing to notarize his legal documents and/or provide photocopies of the same. (*See* Dkt. No. 1 at 2, stating that staff refuse "to notarize, make copies, etc. of legal documents *for inmates*." (emphasis added).) Because Plaintiff cannot bring a § 1983 claim on behalf of other inmates, he must establish that Defendants deprived *him* of a constitutional right. *See Hummer v. Dalton*, 657 F.2d 621, 625–26 (4th Cir. 1981) (explaining that a prisoner cannot act as a "knight-errant" for others); *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977) (holding that *pro se* inmate did not have standing to sue on behalf of another inmate).

deprivation procedures to secure the return of property or compensate for the loss. *Mora v. City of Gaithersburg, Md.*, 519 F.3d 216, 230–31 (4th Cir. 2008); *see also Smith v. Carter*, No. 9:19-cv-967-HMH-BM, 2019 WL 6532957, at *3 (D.S.C. Nov. 5, 2019), *adopted*, 2019 WL 6524676 (D.S.C. Dec. 4, 2019).[4] To the extent Plaintiff does intend to challenge the detention center's handling of his property under the SCTCA, the undersigned notes that there must be original federal jurisdiction—through either (1) "diversity of citizenship" under 28 U.S.C. § 1332 or (2) "federal question" under 28 U.S.C. § 1331—in order for this Court to exercise supplemental jurisdiction over such a state law claim. *See* 28 U.S.C. § 1367(c)(3) (stating that the district court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it has original jurisdiction); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (stating that "if the federal claims are dismissed . . . , the state claims should be dismissed as well"). Thus, Plaintiff's claims regarding the alleged deprivation of his "Jailhouse Lawyer's Handbooks" are subject to summary dismissal as currently presented.

Plaintiff could, in theory, cure the defects above by amending his pleading. The undersigned therefore **GRANTS** **Plaintiff leave to file an amended complaint within twenty-one days from the date this Order is entered, plus three days for mail time**. The undersigned notes that if Plaintiff files an amended complaint, it will completely replace the original complaint. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect."). Therefore, if Plaintiff files an amended complaint, he should make clear all of the personal claims he wishes to assert; identify all of the defendants against whom those claims are asserted and in what capacities; and include a plain short statement of the supporting facts for those claims against each defendant. The undersigned also recommends that Plaintiff use **a darker ink or writing utensil** in drafting his amended complaint, as the text in his original pleading is so light that it is difficult to read some of his allegations.

If Plaintiff files an amended complaint, the undersigned will screen it under § 1915(e)(2)(B). If Plaintiff does not file an amended complaint or cure the deficiencies identified above, **the undersigned will recommend that the claims be dismissed with prejudice**.

## TO THE CLERK OF COURT:

The Clerk shall mail a copy of this Order to Plaintiff. If Plaintiff fails to provide the items specified above to the Clerk within the period prescribed in this Order, the Clerk shall forward the file to the assigned United States District Judge to determine whether to enter an order of dismissal. *See In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants*, No. 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007). If, however, Plaintiff provides the items specified above, the Clerk should forward the file to the undersigned to determine if service of process should be authorized.

---

[4] Notwithstanding this general rule, the undersigned notes an exception that allows a prisoner to pursue a property deprivation claim against a state official under § 1983 where the deprivation is authorized by an official policy. *See Jones v. Ancrum*, No. 0:06-cv-2432-MBS-BM, 2007 WL 2891430, at *10 (D.S.C. Sept. 27, 2007) (noting that inmate may pursue claim where jail policy allows correctional officers to mishandle personal property). It is not clear from the face of the Complaint, however, if this is the case here.

**IT IS SO ORDERED.**

                                                                 */s/ Mary Gordon Baker*
                                                          MARY GORDON BAKER
                                                        UNITED STATES MAGISTRATE JUDGE

June 7, 2021
Charleston, South Carolina