**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Curtis Justin Bearden, ) | Case No. 8:21-cv-01144-HMH-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Oconee County Detention Center Staff, ) | |
| and Jeremy Chapman, *Captain*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Curtis Justin Bearden ("Plaintiff"), a state detainee proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 based on his detention facility's lack of access to certain legal resources. Under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review the Complaint and to submit a recommendation to the United States District Judge. For the following reasons, the undersigned recommends that this action be summarily dismissed.

## **BACKGROUND**

Plaintiff is currently detained at the Oconee County Detention Center ("OCDC"), where he claims the staff are denying him "legal services guaranteed . . . under the Constitution." (Dkt. No. 1 at 2.) More specifically, Plaintiff's Complaint states that OCDC does not have a law library, and that staff are refusing to notarize and make copies of legal documents for inmates. (*Id.*) Plaintiff also alleges that he had "legal reference materials dropped off and mailed from Barnes & Noble," but has yet to receive them. (*See id.*, referencing "Jailhouse Lawyer's Handbooks.") According to Plaintiff, a staff member told him that he could not have the materials in his dorm because it would cause an "uproar." (*Id.*) Plaintiff claims that he has attempted to file grievances

and requested a "face to face" meeting with the Captain—presumably, Defendant Chapman—to no avail. (*Id.*) Plaintiff seeks damages in the amount of $30,000 and access to a law library and legal services; to the extent OCDC continues to refuse Plaintiff access to such, he requests that the Court release him on a personal recognizance bond and "force" OCDC to install a law library. (*Id.*)

## PROCEDURAL HISTORY

After reviewing the Complaint, the undersigned issued an order notifying Plaintiff that his action was subject to summary dismissal for failure to state a claim upon which relief may be granted.[1] (Dkt. No. 9.) In light of Plaintiff's *pro se* status, however, the undersigned gave him an opportunity to cure the deficiencies identified in the original pleading by filing an amended complaint with the Court within twenty-one days. The order warned Plaintiff that failure to file an amended complaint or cure the pleading deficiencies within the prescribed time period would result in summary dismissal. (*Id.* at 4.) To date, Plaintiff has not filed any amended pleading or factual allegations, and the time to comply with the undersigned's order has lapsed.

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This action has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity.

---

[1] Plaintiff's case was not in proper form when he initially filed the Complaint. Accordingly, the undersigned issued instructions to remedy those proper form issues—which Plaintiff substantially did—prior to reviewing the substance of the claims here. (*See* Dkt. No. 4.)

To protect against possible abuses, the court must dismiss any prisoner complaints, or portions of complaints, that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Indeed, a claim based on a meritless legal theory may be dismissed *sua sponte* "at any time" under 28 U.S.C. § 1915(e)(2)(B). *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989). The United States Supreme Court has explained that the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id.* at 326.

As to failure to state a claim, a complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as required under Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2). In order to satisfy this standard, a plaintiff must do more than make conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the court need not accept as true a complaint's legal conclusions). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the requirement of

3

liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim under Rule 8(a)(2). *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (2009) (outlining pleading requirements under Rule 8, Fed. R. Civ. P., for "all civil actions"). Such is the case here.

## DISCUSSION

As noted above, Plaintiff brings this action pursuant to 42 U.S.C. § 1983 based on his lack of access to certain legal resources at OCDC. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). In other words, a civil action under § 1983 "creates a private right of action to vindicate violations of rights, privileges, or immunities secured by the Constitution and laws of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim to relief under 42 U.S.C. § 1983, the plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's Complaint fails to raise a plausible claim to relief under § 1983 for several reasons.

First, only "persons" may act under color of state law for purposes of § 1983. As the undersigned previously explained, it is well-established that using the term "staff" as a name for alleged defendants, without the naming of specific staff members, fails to state a claim against a "person." (*See* Dkt. No. 9 at 2.) *See, e.g.*, *Hayes v. Florence Cty. Det. Ctr. Personnel*, No. 1:21-cv-1549-JFA-SVH, 2021 WL 2227991, at *2 (D.S.C. June 2, 2021) (finding that detention center "personnel" are "groups of persons working in a department, building, or facility, and therefore cannot qualify as a person" under § 1983); *Morrow v. Pickens Cty. Det. Ctr.*, No. 0:10-cv-01199-

MBS-PJG, 2010 WL 2985822, at *3 (D.S.C. June 28, 2010), *adopted*, 2010 WL 2985823 (D.S.C. July 26, 2010) (same); *Barnes v. Bakersville Corr. Ctr. Med. Staff*, No. 3:07-cv-00195, 2008 WL 2564779 (E.D. Va. June 25, 2008) (concluding that plaintiff failed to state a claim to relief under § 1983 because plaintiff named "unspecified prison personnel" as defendants). Accordingly, Plaintiff's claims against the "Oconee County Detention Center Staff" are subject to summary dismissal.

Moreover, a person acting under color of state law can be held liable under § 1983 only if he or she was personally involved in the deprivation of the plaintiff's federal rights. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017). Here, the Complaint does not specify how Defendant Chapman was personally involved in the purported denial of Plaintiff's access to legal materials. Rather, Plaintiff simply notes that he requested a "face to face" meeting with Defendant Chapman, but apparently did not receive a response. (*See* Dkt. No. 1 at 2.) Without more, Plaintiff's claims against Defendant Chapman fail to show the requisite personal involvement under § 1983 and are likewise subject to summary dismissal.[2]

However, even if the Court could entertain Plaintiff's claims against Defendants, the undersigned finds that the specific deprivations cited in the Complaint still fail to establish an actionable constitutional violation under §1983. Although the Complaint mentions Plaintiff's right to due process, the substance of the pleading seems to implicate an access-to-the-courts claim. *See United States v. Morgan*, 473 F. Supp. 3d 544, 546 (D.S.C. 2020) (noting the longstanding practice of courts to classify *pro se* pleadings from prisoners according to their contents, without regard to their captions). Indeed, inmates have a "fundamental constitutional right of access to the courts

---

[2] The undersigned also warned Plaintiff that to the extent he intends to sue Defendant Chapman in his supervisory capacity, the doctrine of *respondeat superior* is generally inapplicable to § 1983 claims. (*See* Dkt. No. 9 at 2 n.1, citing elements for supervisory liability as established in *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).)

[that] requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *See Williamson v. Rogers*, No. 0:15-cv-4755-MGL-PJG, 2017 WL 2703858, at *2 (D.S.C. June 2, 2017) (referencing *Bounds v. Smith*, 430 U.S. 817, 828 (1977)), *adopted*, 2017 WL 3085761 (D.S.C. July 20, 2017).

As the undersigned previously explained, however, the Fourth Circuit Court of Appeals has clarified that the Constitution does not require every local jail to have a law library, *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987), as county jails are generally short-term facilities. (*See* Dkt. No. 9 at 3.) Because Plaintiff is being temporarily held at OCDC, he is not entitled to a law library at this time. *See Jones v. Lexington Cty. Det. Ctr.*, 586 F. Supp. 2d 444, 447–48 (D.S.C. 2008) ("[T]he law is quite clear that those being temporarily detained in county facilities awaiting criminal trials do not have a constitutional right to a law library."). Along those same lines, inmates do not have unlimited rights to photocopies or photocopying machines. *See Harrison v. Moketa/Motycka*, 485 F. Supp. 2d 652, 658 (D.S.C.), *aff'd sub nom. Harrison v. Moteka*, 235 F. App'x 127 (4th Cir. 2007) (noting that while indigent prisoners have a right to free postage stamps in connection with their right to access the courts, there exists no such right to free photocopies).

Additionally, to prove that Defendants impeded his access to the courts, Plaintiff "must show actual injury or prejudice resulting from the official conduct." *Carelock v. Boone*, No. 5:19-cv-00116-JMC, 2020 WL 5810408, at *4 (D.S.C. Sept. 30, 2020) (internal citations omitted); *see also Lewis v. Casey*, 518 U.S. 343, 351 (1996) (explaining that for a plaintiff to state a claim for denial of access to courts, he must demonstrate actual injury or prejudice by alleging that his facility's shortcomings have "hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim"); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (requiring the

prisoner to "provide some basis for his allegation that the delay or failure in delivering his legal mail deprived him of meaningful access to the courts"). Despite the undersigned's warning (Dkt. No. 9 at 3), Plaintiff has not alleged any such injury here, and his access-to-the-courts claim is therefore subject to summary dismissal.[3]

Finally, to the extent Plaintiff is attempting to allege a due process violation based on the deprivation of his "Jailhouse Lawyer's Handbooks," such conduct does not amount to a constitutional claim because Plaintiff has available state court remedies under the South Carolina Tort Claims Act ("SCTCA"). As the undersigned previously explained, the intentional deprivation of personal property by a state official does not constitute a federal due process violation if the state provides post-deprivation procedures to secure the return of property or compensate for the loss.[4] (Dkt. No. 9 at 3–4.) *Mora v. City of Gaithersburg, Md.*, 519 F.3d 216, 230–31 (4th Cir. 2008); *see also Smith v. Carter*, No. 9:19-cv-967-HMH-BM, 2019 WL 6532957, at *3 (D.S.C. Nov. 5, 2019), *adopted*, 2019 WL 6524676 (D.S.C. Dec. 4, 2019).

However, even if Plaintiff does intend to challenge OCDC's handling of his property under the SCTCA, the undersigned previously explained that there must be original federal jurisdiction— either through "diversity of citizenship" under 28 U.S.C. § 1332 or a "federal question" under 28

---

[3] The undersigned also warned Plaintiff that, as a threshold matter, the Complaint fails to clarify whether he personally experienced issues with staff members refusing to notarize and/or photocopy legal documents in the first instance. (*See* Dkt. No. 9 at 3; *see also* Dkt. No. 1 at 2, stating that staff refuse "to notarize, make copies, etc. of legal documents for *inmates*." (emphasis added).) Plaintiff cannot bring a § 1983 claim on behalf of other inmates; rather, he must establish that Defendants deprived *him* of a constitutional right. *See Hummer v. Dalton*, 657 F.2d 621, 625–26 (4th Cir. 1981) (explaining that a prisoner cannot act as a "knight-errant" for others); *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977) (holding that *pro se* inmate did not have standing to sue on behalf of another inmate). As indicated above, Plaintiff has not submitted any additional allegations to clarify this point.

[4] Notwithstanding this general rule, the undersigned's proper form order noted an exception that allows a prisoner to pursue a property deprivation claim against a state official under § 1983 where the deprivation is authorized by an official policy. (Dkt. No. 9 at 4 n.4.) *See Jones v. Ancrum*, No. 0:06-cv-2432-MBS-BM, 2007 WL 2891430, at *10 (D.S.C. Sept. 27, 2007) (noting that inmate may pursue claim where jail policy allows correctional officers to mishandle personal property). And while the proper form order notified Plaintiff that it was unclear from the face of the Complaint whether that was the case with his handbooks here, Plaintiff has not filed any additional allegations or facts that would allow him to invoke the exception.

U.S.C. § 1331—in order for this Court to exercise supplemental jurisdiction over such a state law claim. (Dkt. No. 9 at 4.) *See* 28 U.S.C. § 1367(c)(3) (stating that the district court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it has original jurisdiction); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (stating that "if the federal claims are dismissed . . . , the state claims should be dismissed as well"). Because Plaintiff has failed to allege an actionable federal claim here, and there is no diversity jurisdiction, any state claims regarding the alleged deprivation of Plaintiff's legal materials are subject to summary dismissal.

## **CONCLUSION**

Despite receiving clear instructions and being apprised of the deficiencies in his pleading, Plaintiff did not amend his Complaint as directed in the undersigned's proper form order. (Dkt. No. 9.) For that reason, and for those reasons discussed at length above, the undersigned is of the opinion that any further opportunities to cure the deficiencies in the Complaint would be futile at this time.

The undersigned therefore **RECOMMENDS** that the Court dismiss this action with prejudice. *See Workman v. Morrison Healthcare*, 724 F. App'x. 280, 281 (4th Cir. June 4, 2018) (noting that where the district court has already afforded an opportunity to amend, the district court has the discretion to afford another opportunity to amend or can "dismiss the complaint with prejudice, thereby rendering the dismissal order a final, appealable order"). The Clerk of Court shall not issue the summons forms or forward this matter to the United States Marshal Service.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

October 27, 2021
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).